IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 06-34785 |
| | § | (Chapter 13) |
| PAMELA PAGE NOWLIN | § | |
| Debtor | § | |

MEMORANDUM OPINION ON ORDER DENYING CONFIRMATION
OF DEBTOR'S AMENDED CHAPTER 13 PLAN
[Docket No. 22]

## I. INTRODUCTION

Pamela Page Nowlin (the Debtor) filed a proposed Chapter 13 plan which would last 60 months. Although the Debtor has a 401(k) loan obligation which will be satisfied on month 24 of this proposed plan, the proposed plan payments are not scheduled to increase in months 25 through 60. David Peake, the Chapter 13 Trustee (the Trustee), opposes confirmation of the Debtor's proposed plan, arguing that the money being used to retire the 401(k) loan obligation in the first 24 months should thereafter be deemed part of the Debtor's disposable income for the remaining portion of the plan. The issue presented to this Court is whether the Debtor may continue to claim the amount of her 401(k) loan repayment as a qualified retirement deduction after the loan is fully satisfied,[1] or whether these freed up funds should be considered part of the Debtor's "projected disposable income" pursuant to 11 U.S.C. § 1325(b) in the months after the loan is satisfied.[2] For the reasons set forth below, this Court finds that the Debtor's current plan should not be confirmed

---

[1] There is no dispute about the Debtor's initial right to exclude the 401(k) loan repayments from her calculation of disposable income pursuant to 11 U.S.C. § 1322(f). The parties disagree only as to what should happen to those funds *after* the loan is satisfied and the monthly repayments are no longer required.

[2] Unless otherwise indicated, all section references in this Memorandum Opinion refer to Title 11 of the United States Code. Additionally, reference to the Code means reference to the United States Bankruptcy Code.

because after the 401(k) loan payments cease, the amounts previously used to make those payments should be considered part of the Debtor's projected disposable income.

The Court makes the following Findings of Fact and Conclusions of Law under Bankruptcy Rule 9014, and under Federal Rule of Civil Procedure 52, as incorporated into Federal Rule of Bankruptcy Procedure 7052. To the extent that any Finding of Fact is construed to be a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law is construed to be a Finding of Fact, it is adopted as such. The Court reserves the right to make any additional Findings and Conclusions as may be necessary or as requested by any party.

## II. FINDINGS OF FACT

The following are the relevant facts, either as stipulated to or admitted by counsel of record or as admitted in the filings, or as testified to by the Debtor, set forth in chronological order:

1. On September 14, 2006, the Debtor filed a voluntary Chapter 13 petition. [Docket No. 1.]

2. On September 14, 2006, the Debtor also filed her Schedule I, which shows current monthly income deductions of $1,062.51 for her contribution to a 401(k) retirement plan, and $1,134.79 for the repayment of a 401(k) loan. [Docket No. 1.]

3. On September 14, 2006, the Debtor also filed her Schedule J, which lists a monthly net income after expenses of $195.64. [Docket No. 1.]

4. On December 7, 2006, the Debtor filed her amended Chapter 13 Plan (the Plan). [Docket No. 22.] The only change in the amended Plan was an increase in the amount of the IRS' claim; the Debtor did not change the proposed monthly payment amount of $195.00.

5. The Plan proposes to pay unsecured creditors a total of only $980.45 over the 60 months of the Plan; this amount represents a 3% dividend. [Docket No. 22.]

6. On January 22, 2007, the Court held a confirmation hearing on the Plan. At this hearing, the Debtor testified that the 401(k) loan would be fully satisfied by no later than month 24 of the Plan. The Debtor further testified that $15,000 per annum ($1,250 per month) was the maximum amount that she is allowed to contribute to her 401(k) plan.

### III. CONCLUSIONS OF LAW

A. **Jurisdiction and Venue**

This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. §§ 157(b)(2)(A) and (L). Venue is proper pursuant to 28 U.S.C. § 1408.

B. **Construction of 11 U.S.C. § 1325 and the Court's Role in Confirming the Plan**

In the case at bar, the Trustee contends that the Plan cannot be confirmed because the Debtor has not dedicated all disposable income to the Plan during the applicable period pursuant to the requirement of § 1325(b)(1)(B).[3] Stated another way, the issue is whether cash applied towards a 401(k) loan, which will be satisfied during a proposed 60-month plan, is obligated thereafter to be applied to the plan because those future available funds should be deemed "projected disposable income" under § 1325(b)(1)(B). Although many changes were made to § 1325 upon the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), the amendments

---

[3]Section 1325(b)(1) provides, "If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan-
. . .
(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

3

did not directly address 401(k) loans which are satisfied during the applicable commitment period and the classification of the resulting available funds.[4]

### 1. The Definition of Projected Disposable Income under § 1325(b)

The Court begins its analysis with the definition of the phrase "projected disposable income" as it is used in § 1325(b)(1)(B). Although § 1325(b)(1)(B) uses the exact phrase "projected disposable income," § 1325(b)(2) only provides a definition of "disposable income," unmodified by the word "projected":

> For the purposes of this subsection, the term "disposable income" means current monthly income received by the debtor . . . less amounts reasonably necessary to be expended —
> (A) (i) for the maintenance or support of the debtor or a dependent of the debtor . . . .; and
> (ii) for charitable contributions. . . .

Section 1325(b)(3) in turn defines what expenses are "reasonably necessary" by reference to the so-called means test in § 707(b)(2). Additionally, "current monthly income" is a defined term in § 101(10A) and has the same meaning in both Chapter 7 and Chapter 13.[5] The sum of these definitions and cross-references, however, does nothing to address the meaning of the word "projected" as it modifies the phrase "disposable income."

---

[4] The phrase "projected disposable income" was carried over from the pre-BAPCPA version of § 1325. While the amendments clarified the meaning of "disposable income," no definition was provided for the word "projected."

[5] Section 101(10A) provides the term current monthly income-
(A) means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on-
(i) the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii); or
(ii) the date on which current income is determined by the court for purposes of this title if the debtor does not file the schedule of current income required by section 521(a)(1)(B)(ii). . . .

Since 'projected' is not defined by the Code, some courts have looked to the dictionary definition, which is "[t]o calculate, estimate, or predict (something in the future), based on present data or trends." *In re McPherson*, 350 B.R. 38, 44 (Bankr. W.D. Va. 2006); *In re Jass*, 340 B.R. 411, 415 (Bankr. D. Utah 2006). In using a dictionary definition of "projected" to modify "disposable income," those courts have concluded that the phrase is "future-oriented, that is, they are amounts that arise in the future." *McPherson*, 350 B.R. at 44. This line of cases contradicts the type of "snapshot" theory proposed by the Debtor. This "snapshot" argument is that post-BAPCPA, the calculation of disposable income in Chapter 13 is defined by reference to the Chapter 7 means test and the means test is to be calculated only on the date of filing. Thus, the Debtor argues that disposable income can only be determined on the petition date and that the meaning of projected is just to multiply that monthly available amount by the 60 months in the plan, ignoring any foreseeable, definite events that would change the calculation of disposable income. This Court has already rejected this interpretation of the means test in the context of § 707(b)(2). *In re Singletary*, 354 B.R. 455, 464 (Bankr. S.D. Tex. 2006). Relying upon a pre-BAPCPA Fifth Circuit case, *In re Cortez*, 457 F.3d 448 (5th Cir. 2006), this Court held that the means test had a more fluid, continuing use beyond the date of the petition, describing it as "neither exclusively backward-looking, nor forward-looking, but a combination of both." *Id*.

The phrase "projected," as it modifies "disposable income" in § 1325(b), must be given greater meaning than merely instructing the Debtor to multiply her disposable income as of the petition date by the length of the Plan. Instead, this Court holds that "projected disposable income," as it is used in § 1325(b), requires the Debtor to account for any events which will definitely occur during the term of the Plan that would alter either the income or expense side of the disposable

5

income calculation. *See In re McPherson*, 350 B.R. at 43 ("The word 'projected' in the phrase 'projected disposable income' modifies each of the component parts of 'disposable income', that is, it modifies 'current monthly income' and it modifies 'amounts reasonably necessary to be expended for support.'")[6]

Applying this rule to the facts in the present case, after the Debtor has repaid her 401(k) loan obligation in month 24, the funds that were previously used to make those payments must be included as part of the Debtor's disposable income because, as the Debtor herself testified, the satisfaction of the loan obligation is set to occur at a definite time during the term of the Plan and the Debtor knew this fact at the time of filing her petition. In other words, the Debtor is able to "project" that at a specific point in time during the Plan, an event will assuredly occur that will significantly alter the amount of her disposable income, and thus under § 1325(b) her Plan must account for this change in circumstances.[7]

Support for this Court's holding can be found in *In re Lenton*, 2006 Bankr. LEXIS 3649 (Bankr. E.D. Pa. Dec. 15, 2006), which analyzed this same factual issue—the treatment of 401(k) loan payments after the loan is satisfied—but in the context of § 707. That court stated:

> Debtor's argument also ignores two important realities. First, 401 (k) loan repayments are finite; a loan will eventually be paid off. Second, a Chapter 13 case is prospective, i.e., it encompasses a debtor's current and future financial circumstances

---

[6] The Trustee has the power to seek modification of the Debtor's Plan pursuant to § 1329. Thus, if the Court were to hold the opposite and allow the Plan to be confirmed without regard to the definite termination of the 401(k) loan payments, the Trustee would simply file a motion to modify the plan after month 24. The Court's holding avoids the Trustee having to take this unnecessary step of filing for a modification of the Plan. See *In re Haley*, 2006 Bankr. LEXIS 2857 at *8-9 (Bankr. D.N.H. Oct. 18, 2006).

[7] By way of example, this rule would apply in the reverse situation where the Debtor was receiving a regular monthly payment as income, but the installments were set to end at a specific time. The Court would allow the Debtor to "project" the change in her current monthly income at that point in the Plan and reduce the monthly payment accordingly.

for a period of three to five years. Section 1322(a) requires that a Chapter 13 plan "provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." *Id.* (emphasis added). Section 1325(b)(1)(B) requires debtors to use all of their "projected disposable income" over a commitment period of three to five years. *See e.g. In re McPherson*, 350 B.R. 38, 43-44 (Bankr. W.D. Va. 2006). Furthermore, § 521(f) requires a debtor, upon request, to file tax returns and updated statements of income and expenses during the pendency of the case. Excluding 401 (k) loans from the means test evidences a "wait and see" approach that would channel debtors with such expenses into the longer period of bankruptcy supervision of Chapter 13 rather than the relatively short tenure of a Chapter 7 case, notwithstanding that doing so might result in a zero payment plan. However, *because, as here, 401(k) loans might be paid off within the commitment period of a Chapter 13 case, the ability to increase the monthly plan payment would direct newly available funds to creditors*. Such an approach serves both the Congressional intent to protect retirement contributions and "ensure that debtors repay creditors the maximum they can afford," a primary goal of BAPCPA. H.R. Rep. 109-31, pt. 1 at 1, *as reprinted in* 2005 U.S.C.C.A.N. 88, 89 (2005).

*In re Lenton*, 2006 Bankr. LEXIS 3649 at *22-23 (Bankr. E.D. Pa. Dec. 15, 2006)(emphasis added).

Although it was not necessary to the ultimate holding, the court in *Lenton* at least assumed in its analysis of 401(k) loan payments which would terminate during the plan that the funds formerly used to make those loan payments would instead be redirected into the debtor's plan payments. This Court agrees. Taking this fact pattern to its most extreme hypothetical end, the Court could conceive of a situation where the Debtor filed her plan and there remained only one monthly payment left on a 401(k) loan. According to the Debtor's argument, the snapshot would be taken on the date of the petition, when the debtor owed those funds, and § 1322(f) would exclude that amount from the calculation of disposable income for the entire 60 months of the plan. Starting in the second month of the plan, a debtor would be able to pocket the amount of the 401(k) loan repayment free from the Chapter 13 plan and any claims of her prepetition creditors. Such a result defies logic, invites potential debtors to partake in illegitimate prebankruptcy planning, and would likely violate the

requirement in § 1322(a) that the Debtor submit all future earnings to the supervision and control of the trustee as is necessary for the execution of the plan. The Court does not accept this interpretation.

Having determined that "projected disposable income" as used in § 1325(b) requires that the Debtor include as income any amounts currently being used to repay her 401(k) loan after the loan is satisfied in full, the Court now turns to the implications its holding will have upon the specific circumstances of this case.

2. **The Debtor's Plan must be amended in accord with this Court's interpretation of "projected disposable income" in § 1322(b).**

In the case at bar, the Debtor is currently repaying a 401(k) loan in the amount of $1,134.79 per month, and she testified that the obligation will be satisfied no later than month 24 of the Plan. After the loan is repaid, the Debtor will have 36 months remaining under the Plan, and proposes to use the additional amounts available during those three years to further fund her existing 401(k) account rather than dedicate it to her Plan payments. The Trustee proposes that if $1,134.79 is added to the Plan each month after the 401(k) loan obligation is satisfied, then 100% of the unsecured claims can be satisfied instead of only 3% under the proposed Plan. The Trustee misses the target just slightly: the Debtor may increase her 401(k) contribution amount to the maximum allowed limit and then any surplus over that amount must go to the Plan as projected disposable income.

Under 11 U.S.C. § 541(b)(7), amounts given to ERISA qualified employee benefit plans (EBPs) do not constitute property of the estate. *In re Johnson*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006). However, a debtor may only exclude a contribution up to the permitted limit of the EBP. *Id.* In the instant matter, the Debtor's 401(k) plan allows for no more than $15,000.00 per annum, that is, $1,250.00 per month, to be deducted from her paychecks and put into the account. Presently, the Debtor is contributing $1,062.51 into her 401(k) plan on a monthly basis. Thus, the 401(k) plan only

allows for an additional $187.49 ($1,250.00 - $1,062.51) to be added to her account per month. Thus, when the 401(k) loan is satisfied, only $187.49 of that newly available disposable income can legally be applied to the 401(k) plan, leaving $947.30 ($1,134.79 - $187.49) to be paid to the Trustee for distribution to unsecured claimants.

### IV. CONCLUSION

In defining "projected disposable income," this Court finds the phrase to include any specific changes to the disposable income calculation that will definitely occur during the term of the plan. At the time the Debtor proposed her Plan, she knew of future amounts of money—i.e., the funds in months 25 through 60 after the loan was satisfied—that would become available, but did not include those monies in the Plan. The exclusion of 401(k) loan payments from disposable income under § 1322(f) should not apply to future monies available after the satisfaction of the 401(k) loan obligation. Accordingly, this Court finds that the Debtor has not included all projected disposable income in her proposed Plan, and as such, the Court may not confirm the Plan. An Order consistent with this Memorandum Opinion will be entered simultaneously on the docket.

Signed this 11th day of April, 2007.

Jeff Bohm
U.S. Bankruptcy Judge